UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
609-989-2009

**NOT FOR PUBLICATION**

March 10, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re:   *Defalco v. Rutgers University Police Department, et al.*
      Civil Action No. 15-6607 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants Rutgers University Police Department ("RUPD"), Rutgers University ("Rutgers"), Ken Cop ("Cop"), and Michael J. Rein's ("Rein") (collectively, "Defendants") Motion to Dismiss. (ECF No. 18.) Plaintiff William Defalco ("Plaintiff") opposed the Motion (ECF No. 22) and filed a Cross-Motion to Amend (ECF No. 23). Defendants replied. (ECF No. 24.) As Plaintiff failed to appear for the March 8, 2017 oral argument the Court scheduled in this matter (ECF No. 25), the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1. The Court has carefully considered the parties' submissions, and for the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Cross-Motion to Amend is **DENIED**.

**I.   BACKGROUND**[1]

Plaintiff was employed by Rutgers and served as a police officer in at RUPD. (First Am. Compl. ¶¶ 1-2, ECF No. 5.) At RUPD, Cop was the Chief of Police and Rein served as the Deputy Chief. (*Id.* ¶¶ 3-4.)

On July 23, 2012, Plaintiff announced his candidacy for Vice President of Lodge 62 of the New Jersey Fraternal Order of Police ("FOP Local 62"), a bargaining union for police officers employed by Rutgers. (*Id.* ¶¶ 7, 9.) Plaintiff claims that, beginning days after the announcement of his candidacy, he received undeserved discipline and he was wrongfully accused of misconduct associated with his employment on several occasions. (*Id.* ¶¶ 11-47.) Plaintiff alleges that a

---

[1] The parties' positions are set forth in the pleadings and the Court incorporates the parties' arguments in the discussion section of this Letter Opinion. (*See* Defs.' Mot. to Dismiss Br., ECF No. 18-1; Pl.'s Opp'n Br., ECF No. 22-1; Defs.' Reply Br., ECF No. 24.)

grievance he filed with his union in regards to his alleged wrongful discipline was not investigated appropriately. (*Id.* ¶¶ 25, 46.) Plaintiff also filed several Internal Affairs complaints against non-party supervising officers alleging violations of RUPD's professional standards that he alleges were summarily dismissed without proper investigation. (*Id.* ¶¶ 26, 30, 47.) Plaintiff alleges that an Internal Affairs complaint filed against him by Rein was pretextual, unfounded, and filed only as a form of retaliation in response to Plaintiff's complaints. (*Id.* ¶¶ 47-48.) Plaintiff asserts that he was passed over for a promotion and transferred to the night shift without explanation. (*Id.* ¶¶ 44, 45.) Plaintiff alleges that the acts taken against him were in retaliation for his union membership, and in retaliation for filing charges against his superior officers at RUPD. (*Id.* ¶ 48.) Plaintiff contends that he had never been subjected to discipline prior to his public declaration that he intended to campaign for a leadership role in the union.[2] (*Id.* ¶ 10.)

## II. DISCUSSION

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Third, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). A complaint must contain sufficient facts to "put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). It is the defendants' burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### A. Count One: Due Process

Count One alleges a violation of due process in Defendants' investigation of allegations against Plaintiff and seeks relief under 42 U.S.C. § 1983. (*See* First Am. Compl. ¶¶ 50-57.) Plaintiff alleges that Rutgers and RUPD were required by N.J.S.A. § 40A:14-181 to adopt internal affairs policies and procedures consistent with the IAPP issued by the New Jersey Attorney General's Office. (*Id.* at ¶¶ 52-54.) At the time of the incidents alleged in the Complaint, N.J.S.A. § 40A:14-181 applied to "[e]very law enforcement agency." N.J.S.A. § 40A:14-181 (1997) (amended 2015). The statute required the agencies to adopt policies consistent with the IAPP. *Id.* On September 1, 2015, the statute was amended, however, to apply to "[e]very law enforcement

---

[2] Plaintiff asserts in his Brief in Opposition to the Motion to Dismiss that he is no longer employed by RUPD and was forced to resign due to Defendants' mistreatment. (ECF No. 18-1.) This allegation was not included in the original Complaint or the First Amended Complaint, and the Court was not provided with a proposed second amended complaint despite a pending cross-motion to amend. As such, the Court does not consider Plaintiff's termination in addressing this motion.

agency, including a police department of an institution of higher education." N.J.S.A. § 40A:14-181 (emphasis added).

The Court finds that the statute did not apply to RUPD prior to the 2015 amendment.[3] The Court's review of the legislative material does not lead to the conclusion that the amendment was a mere clarification. In a prior amendment, the legislature considered campus police departments in another context while drafting an amendment, but declined to add them in this section. Furthermore, the latest version of the IAPP, amended prior to the amendment of the statute, states that it is "primarily intended for implementation by county and municipal agencies" and other agencies should "consult with their legal advisors before implementing specific provisions of the policy." *Farella v. Rutgers Univ. Police Dep't*, No. 09-4910, 2010 WL 2346660, *7 (D.N.J. June 9, 2010) (citation omitted). Instead, it appears that 2015 the amendment was made with the specific purpose of including campus police departments. Additionally, none of the factors listed in *Johnson v. Roselle EZ Quick, LLC* point to retroactivity. The Court, therefore, concludes that the statute was not intended as a mere clarification but for the statute to apply to campus police departments. In other words, prior to the 2015 amendment, RUPD was not required to adopt policies consistent with the IAPP.

Moreover, Plaintiff is unable to proceed on a due process claim based upon a violation of policies consistent with the IAPP even if RUPD was required to adopt IAPP at the time of allegations of wrong doing occurred. To prevail on a Section 1983 procedural due process claim, a plaintiff must demonstrate (1) that he was deprived of a protected liberty or property interest under the Fourteenth Amendment, and (2) that the procedures afforded to him failed to comport with the requirements of due process. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233 (3d Cir. 2006).

Plaintiff alleges, and the Court accepts as true for the purpose of this motion, that RUPD adopted a policy consistent with the IAPP on March 17, 2004, but failed to properly investigate and adjudicate his complaints. (*See* First Am. Compl. ¶ 8.) Failing to comply with internal rules consistent with the IAPP guidelines, however, does not result in a denial of an officer's due process rights. *O'Rourke v. City of Lambertville*, 405 N.J. Super. 8, 18-19 (App. Div. 2008). Therefore, even if Rutgers and RUPD were required to have a policy consistent with the IAPP in effect at the time of the pursuant to N.J.S.A. § 40A:14-181, Plaintiff does not have a due process claim for a violation of those policies. The Court dismisses Count One.

---

[3] There is a strong presumption against retroactivity if the legislative branch has not specifically addressed the issue. *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 159 (3d Cir. 1998). There are, however, two factors that the Court should consider in ruling on the reactivity of a statute: (1) whether the legislature intended to "give the statute retroactive application"; and (2) if retroactivity will unconstitutionally interfere with vested rights or cause a manifestly unjust outcome. *Johnson v. Roselle EZ Quick, LLC*, 226 N.J. 370, 387 (2016) (quoting *Twiss v. State*, 124 N.J. 461, 467 (1991)). Legislative intent can be demonstrated in any of three ways: (1) expressly or implicitly articulating the amendment's retroactivity; (2) articulating the amendment's curative purpose; or (3) where the parties reasonably expect retroactivity. *Id.* (citing *James v. N.J. Mfrs. Ins. Co.*, 216 N.J. 552, 556 (2014). "The expectation of retroactive application should be strongly apparent to the parties in order to override the lack of any explicit or implicit expression of intent for retroactive application." *James*, 216 N.J. at 573.

3

### B. Count Two: Free Association

Count Two alleges a violation of Plaintiff's right to free association pursuant to the United States and New Jersey Constitutions, seeking relief under Section 1983. (First Am. Compl. ¶¶ 59-62.) Plaintiff must allege "(1) that [he] works for a public agency in a position that does not require a political affiliation; (2) [he] maintained an affiliation with a political party; and (3) that his political affiliation was a substantial or motivating factor in the adverse employment decision." *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 663-64 (3d Cir. 2002). Here, Plaintiff has not sufficiently plead that his union membership was a substantial or motivating factor in the adverse employment actions taken against him. The Court finds that Plaintiff only makes vague and unsupported conclusory statements about Defendants' motivations. As such, his statement that the discrimination was based upon his membership is the type of speculation that is not permitted under *Twombly*. *See Twombly*, 550 U.S. at 555. The Court, therefore, finds that Plaintiff fails to establish an essential element of the claim and dismisses Count Two.

### C. Count Three: Free Speech

Count Three alleges retaliation for Plaintiff exercising his First Amendment right of free speech by filing a grievance with his union. (First Am. Compl. ¶¶ 64-67.) In order to recover for retaliation for exercising his right to free speech, a plaintiff must allege that "(1) the plaintiff[] engaged in protected conduct; (2) the plaintiff[] [was] retaliated against; and (3) the protected conduct was a substantial or motivating factor in the retaliation." *Bradshaw v. Twp. of Middletown*, 296 F. Supp. 2d 526, 537 (D.N.J. 2003). A plaintiff must also show that he spoke as a private citizen on a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 147 (1983). If a plaintiff does not speak as a private citizen, or if the speech does not address a matter of public concern, it is not appropriate for federal courts to review personnel decisions of public agencies. *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 386 (2011). Here, Plaintiff alleges that he faced retaliation for grievances he filed about police misconduct. (*See* First Am. Compl. ¶ 46.) A plaintiff is not speaking as a private citizen when he files an employment grievance, "but rather as employee[] voicing private concerns regarding how [he was] treated by [his] employer." *Gwynn v. City of Phila.*, 866 F. Supp. 2d 473, 481 (E.D. Pa. 2012). Although Plaintiff demonstrates that he was voicing a matter of public concern, Plaintiff fails to demonstrate that he was acting as a private citizen when he made the grievances. The Court finds that Plaintiff fails to allege that the union grievances upon which his claim is based were the statements of a private citizen. The Court, therefore, dismisses Count Three.

### D. Count Four: CEPA

Count Four alleges a violation of CEPA. N.J.S.A. § 34:19-1, et seq. (First Am. Compl. ¶¶ 69-74.) Specifically, Plaintiff alleges retaliation in response to Plaintiff's internal affairs complaints. (*Id.* at 72-73.) CEPA prohibits employers from retaliating against employees for certain whistleblowing activities. *See* N.J.S.A. § 34:19-1, et seq. "A prima facie case of discriminatory retaliation under CEPA requires a plaintiff to demonstrate, in relevant part: (1) a reasonable belief that the employer's conduct was violating either a law, rule, regulation or public policy; (2) he or she performed a 'whistle blowing' activity as described in N.J.S.A. § 34:19-3(a), (c); (3) an adverse employment action was taken against him or her; and (4) a causal connection

4

existed between his whistle-blowing activity and the adverse employment action." *Klein v. Univ. of Med. & Dentistry of N.J.*, 377 N.J. Super. 28, 38 (App. Div. 2005). CEPA "does not require a plaintiff to show that a law, rule, regulation, or clear mandate of public policy actually would be violated if all facts he or she alleges are true." *Dzwonar v. McDevitt*, 177 N.J. 451, 464 (2003). Rather, a plaintiff must set forth facts that would support an objectively reasonable belief that a violation has occurred. *Id.* Violations of contracts and internal policies by the employer do not satisfy the first part of the analysis since they do not "have the force of law." *Smith v. TA Operating LLC*, No. 10-2563, 2010 WL 3269980, at *12 (D.N.J. Aug. 17, 2010).

Here, Plaintiff fails to identify a law, rule, regulation or public policy that he believes was violated by Defendants. *See* N.J.S.A. § 34:19-3(c)(3). Plaintiff states that the alleged whistleblowing activity occurred on September 3, 2013. (*See* First Am. Compl. ¶¶ 72-73.) The only conduct by Plaintiff listed in the complaint that occurred on that date was the filing of "three separate Internal Affairs Complaints against supervisory officers alleging violations of RUPD professional standards." (*Id.* ¶ 26.) The professional standards which were allegedly violated were in regards to the improper assignment of work and incorrect time reporting. (*Id.*) CEPA is not intended to cover internal rule violations. *See Scipio v. Vitec Videocom*, No. 15-7776, 2016 U.S. Dist. LEXIS 104851, at *20 (D.N.J. Aug. 2, 2016). The Court finds that Plaintiff fails to plead all the required elements of a claim under CEPA. Count Four is, therefore, dismissed.

E.   **RUPD**

As to all four counts, the Court finds that RUPD is not a servable party, as it does not exist separately from the institution of Rutgers University. The municipality and its police department are a single entity for purposes of section 1983 liability. *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997). RUPD and Rutgers are a single entity and RUPD cannot be a defendant alongside of Rutgers who acts as its municipality. *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 912 (3d Cir. 2003) (holding that a police department cannot be a defendant alongside its municipality). The Court dismisses with prejudice Defendant RUPD.

F.   **Statute of Limitations**

The Court will now address the statute of limitations issue. Plaintiff's Complaint is based upon alleged violations of 42 U.S.C. § 1983 and CEPA. (*See generally* First Am. Compl.) CEPA has a one-year statute of limitations. *See* N.J.S.A § 34:19-5. Section 1983, however, does not include a relevant statute of limitations. *See* 42 U.S.C. § 1983. The Court, therefore, "must rely on 42 U.S.C.§ 1988, which requires federal courts to apply the statute of limitations for the state in which the court sits unless applying that state's statute of limitations would conflict with the United States Constitution or federal law." *Suber v. Guinta*, 902 F. Supp. 2d 591, 609 (E.D. Pa. 2012) (quoting 42 U.S.C. § 1988; *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000)). As Section 1983 suits are best characterized as personal injury claims, a district court should apply the state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). New Jersey recognizes a two-year statute of limitations for personal injury actions. *See* N.J.S.A § 2A:14-2.

Plaintiff argues, and the Third Circuit has recognized, that a statute of limitations may be extended based upon the continuing violations doctrine if the last act of a continuing practice of unlawful acts falls within the statute of limitations. *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d

Cir. 1995); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). In order to benefit from the doctrine, "a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'" *Cowell*, 263 F.3d at 292 (quoting *West*, 45 F.3d at 755). If the plaintiff's claims are based on discrete acts which give rise to causes of action that can be brought individually, then the continuing violations doctrine does not serve to extend the applicable statute of limitations periods. *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006). Discrete acts can include: termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, and wrongful accusation. *Id.* at 127 (citing *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101 (2002)).

Here, the Complaint was filed September 3, 2015. (*See* Compl., ECF No. 1.) Therefore, a two-year statute of limitations is applied to any claim pursuant to 42 U.S.C. § 1983, and a one-year statute of limitations is applied to the CEPA claim. The allegations alleged to have occurred prior to September 3, 2013 include the placement of three corrective training forms in Plaintiff's file, (First Am. Compl. ¶¶ 11-13, 14-15, 22), the placement of a Personnel Counseling Form in his file, (*id.* ¶¶ 23-24), a reprimand, (*id.* ¶¶ 16-17), and the placement of Plaintiff in the "Early Warning System" for officers in need of heightened supervision, (*id.* ¶¶18-20). As all of these incidents can be characterized as wrongful discipline or wrongful accusation, all of the incidents are discrete acts under *O'Connor*. *See* 440 F.3d at 127-28 (citing *Morgan*, 536 U.S. at 114). The Court finds that all allegations prior to September 3, 2013 in Counts One, Two, and Three, and all allegations prior to September 3, 2014 in Count Four are time-barred. *See* N.J.S.A. § 2A:14-2.

### G. Cross-Motion to Amend

Court now turns to Plaintiff's Cross-Motion to Amend his Complaint. When filing a motion to amend, the plaintiff must attach a copy of the proposed amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Failing to do so is fatal for a motion to amend. *Id.* (citations omitted). Here, Plaintiff has failed to attach a proposed amendment. The Court, therefore, denies Plaintiff's motion to amend.

## III. CONCLUSION

For the reasons discussed above, the Court grants dismissal with prejudice for Counts One, Two, Three, and Four against Defendant RUPD. As to the remaining Defendants and consistent with the applicable one and two-year statute of limitations, the Court grants dismissal without prejudice as to Counts One, Two, Three, and Four. Finally, the Court denies Plaintiff's Cross-Motion to Amend his Complaint. As to the Counts dismissed without prejudice, Plaintiff may file a new motion to amend the complaint within 30 days of the date of this Letter Opinion and must attach the proposed amended complaint to his motion papers.

MICHAEL A. SHIPP  
UNITED STATES DISTRICT JUDGE