UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
609-989-2009

**NOT FOR PUBLICATION**

June 25, 2019

**LETTER OPINION & ORDER**

<u>VIA CM/ECF</u>
All counsel of record

Re:   *Defalco v. Rutgers University Police Department, et al.*
      <u>Civil Action No. 15-6607 (MAS) (LHG)</u>

Dear Counsel:

    This matter comes before the Court upon Plaintiff William Defalco's ("Plaintiff" or "Officer DeFalco") Objections to the Honorable Judge Lois H. Goodman's decision denying Plaintiff leave to amend his complaint. (ECF No. 49.) Defendants Rutgers, The State University of New Jersey ("Rutgers"); Kenneth Cop ("Cop"); and Michael J. Rein ("Rein") (collectively, "Defendants") replied. (ECF No. 51.) The Court has carefully considered the parties' submissions, and for the reasons set forth below, the Court adopts Judge Goodman's Report and Recommendation ("R. & R").

**I.   BACKGROUND**[1]

    Plaintiff initiated this suit on September 3, 2015. (Compl., ECF No. 1.) Plaintiff filed a four-count amended complaint on February 9, 2016. (Am. Compl., ECF No. 5.) On August 29, 2016, Defendants filed a Motion to Dismiss. (Mot. to Dismiss, ECF No. 18.) On September 1, 2016, this matter was reassigned to the Undersigned. (Text Order, ECF No. 19.) On October 3, 2016, Plaintiff filed a Cross-Motion to Amend. (Cross-Mot. to Amend, ECF No. 23.)

    Oral argument was scheduled for March 8, 2017, but Plaintiff's Counsel failed to appear, and the Court decided the parties' motions without oral argument. (*See* Op. 1, ECF No. 26.) The Court granted Defendants' Motion to Dismiss and dismissed with prejudice each count of the Amended Complaint against Rutgers University Police Department. (Order, ECF No. 27.) The Court also dismissed without prejudice Counts One, Two, Three, and Four against the remaining

---

[1] The Court writes primarily for the parties and assumes the parties' familiarity with the factual background and procedural history of the matter. The Court, accordingly, only recounts those facts and procedural developments necessary to resolve the instant dispute.

defendants. (*Id.*) The Court denied Plaintiff's Motion to Amend, and granted Plaintiff thirty days to file a new motion to amend. (*Id.*)

On April 7, 2017, Plaintiff filed his second Motion to Amend. (Mot. to Amend, ECF No. 28.) Plaintiff's motion papers included a Proposed Amended Complaint ("PAC"). (Am. Compl., ECF No. 28-1.) On May 12, 2017, after an order from the Court, Plaintiff filed a brief in support of his motion. (Pl.'s Moving Br., ECF No. 31.) Defendants opposed (Defs.' Opp'n Br., ECF No. 32), and Plaintiff replied (Pl.'s Reply Br., ECF No. 33). On October 30, 2017, Judge Goodman entered an order denying Plaintiff's motion. (Order ("R. & R."), ECF No. 35.)

On November 28, 2017, Plaintiff filed a notice of appeal informing the Court he was appealing Judge Goodman's decision. (Notice of Appeal, ECF No. 36.) On January 3, 2018, the Third Circuit dismissed Plaintiff's appeal for failure to timely prosecute. (Certified Order, ECF No. 40.) The Court, accordingly, closed this matter on January 22, 2018. (Text Order, ECF No. 41.) On January 31, 2018, Plaintiff submitted correspondence requesting the Court reopen this matter in light of the Third Circuit granting Plaintiff's motion to set aside the order dismissing his appeal. (Correspondence, ECF No. 42.)

On July 23, 2018, the Third Circuit stayed Plaintiff's appeal pending the Court's disposition of Plaintiff's Motion to Amend. (Order, ECF No. 43.) On October 22, 2018, the Court entered a text order informing the parties that the Court would treat Judge Goodman's decision as a report and recommendation and reopened the instant matter. (Text Order, ECF No. 44.) On December 7, 2018, Plaintiff filed objections to the R. & R. (Pl.'s Objs., ECF No. 49.) On January 8, 2019, Defendants filed a reply to Plaintiff's objections. (Defs.' Reply Br., ECF No. 51.)

## II. **THE PARTIES' POSITIONS**

Plaintiff objects to the R. & R., arguing that "Judge Goodman foreclosed [Plaintiff] from being able to address his allegations after the completion of discovery," which precluded him from relief and denied his due process rights. (Pls.' Objs. at 3.) Plaintiff asserts that he should "at a minimum" have had the opportunity to file an Amended Complaint because leave to amend should be freely granted. (*Id.* at 3-4.) Plaintiff argues that futility is one of several reasons to deny a motion to amend and because Plaintiff's attempt to amend did not prejudice Defendants and was not done in bad faith, Plaintiff should be allowed to replead so he can correct "inadvertent errors." (*Id.* at 4.)

Plaintiff states that Judge Goodman should have either permitted the filing of the PAC or permitted him to address deficiencies with a subsequent amended complaint. (*Id.* at 4.) Per Plaintiff, doing otherwise "completely prevents Officer DeFalco from being able to pursue viable claims against the Defendant[s] that relate to pervasive harassment and his livelihood, violating Officer DeFalco's due process rights." (*Id.* at 4-5.) Plaintiff avers that Judge Goodman's decision "clearly violates the [tenets] of our court system" by denying Plaintiff open access to have his claims addressed on the merits. (*Id.* at 5.) Plaintiff requests that the Court "overturn" Judge Goodman's decision and allow him to file an Amended Complaint within thirty days. (*Id.*)

Defendants' Reply Brief advances seven arguments in support of adoption of the R. & R. First, Defendants argue that the Court should review the R. & R. for clear error because Plaintiff

2

did not provide specific objections. (Defs.' Reply Br. at 9.) Defendants argue that Plaintiff's broad contentions provide no basis to overturn the decision and that Plaintiff "fails to articulate any specific error of law the magistrate allegedly made, and in fact does not address any specific portion of the decision in any way." (*Id.* at 10.) Because of the lack of specificity, Defendants argue that the Court should not engage in a *de novo* review of the R. & R. (*Id.*)

Next, Defendants argue that even if the Court were to review the R. & R. *de novo* or for clear error, the R. & R. should be adopted because the PAC "fails to include even the most basic facts to support its legal theories." (*Id.* at 11.) Defendants aver that the R. & R. contains no errors at all. (*Id.* at 12.)

Third, Defendants argue that contrary to Plaintiff's assertions, "a court may deny a motion to amend based solely on" futility. (*Id.* at 13.) Defendants' fourth argument is that Plaintiff's vague assertions of inadvertent errors are frivolous. (*Id.* at 14.) Defendants argue that because there is no explanation of which errors can be amended, Plaintiff's argument is groundless. (*Id.* at 15.) Defendants state that the "insufficiencies in the [PAC] are fatal omissions at the very heart of this matter[,]" and not inadvertent errors that a "plaintiff should always have the opportunity to remedy." (*Id.* at 16.) Defendants' fifth point argues that Plaintiff's due process violation argument is unsupported because the argument contradicts decades of case law relating to pleading standards. (*Id.*)

Defendants' sixth and seventh points relate to the filing of the PAC and another amended complaint. (*Id.* at 17-20.) Defendants argue that even if Judge Goodman allowed Plaintiff to file the PAC, the result would have been the same—dismissal of all claims. (*Id.* at 17.) Defendants assert that the PAC did not implement the Court's analysis in its March 2017 Opinion, therefore, Plaintiff should be denied the opportunity to amend again. (*Id.* at 18.) Defendants request that the Court adopt the R. & R. and dismiss Plaintiff's claims with prejudice. (*Id.* at 23.)

### III. STANDARD OF REVIEW

The applicable standard of review is complicated by the unique procedural posture of this matter. Specifically, because the Court previously dismissed all counts of the Amended Complaints, Judge Goodman's denial of Plaintiff's Motion to Amend may have resulted in a complete dismissal of Plaintiff's claims with prejudice. Defendants advocate for a clear error standard and argue a *de novo* review is unnecessary. Plaintiff does not address the applicable standard of review.

Local Civil Rule 72.1(c)(2) requires an objecting party to "serve on all parties written objections which shall *specifically identify* the portions of the proposed . . . recommendations or report to which objection is made and the basis of such objection." (emphasis added). The same rule requires the Court to "make a *de novo* determination of those portions to which objection is made" and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L.Civ.R. 72.1(c)(2); *accord* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Advisory Committee Notes to Federal Rule of Civil Procedure 72 states, "[w]hen no timely objection is filed, the court need only satisfy itself that there is *no clear error* on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 (emphasis added).

3

"Motions to amend are usually considered non-dispositive motions." *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001). The Federal Magistrates Act of 1968 ("FMA") provides that a District Court reviewing a Magistrate Judge's decision on a non-dispositive motion may reverse a Magistrate Judge's determination only if it is "clearly erroneous or contrary to law." *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1)). When a Magistrate Judge's decision on a non-dispositive motion reaches legal conclusions, those legal conclusions are subject to a *de novo* review. *Id.* "The FMA requires a District Court to review a Magistrate Judge's report and recommendation *de novo*." *Id.* (citing 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.Civ.R. 72.1(c)(2)).

In *Kenny v. United States*, the Third Circuit stated it had not previously resolved the precise issue of "whether a motion to amend that in practice results in dismissal is a dispositive motion." 489 F. App'x 628, 630 n.2 (3d Cir. 2012). The *Kenny* court did not resolve the issue because resolution was unnecessary for the Third Circuit to reach its final decision. *Id.* More recently, in *Patel v. Meridian Health Systems, Inc.*, the Third Circuit held that a Magistrate Judge's denial of a motion to amend was non-dispositive. 666 F. App'x 133, 135–36 (3d Cir. 2016). The Court cited the FMA and the fact that a motion to amend is not among the FMA's list of eight motions specifically excluded from the authority of a magistrate judge. *Id.*

When a plaintiff files a timely objection, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where the objection is "not timely . . . or not specific[,]" a *de novo* determination is not required. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (citations omitted) (concluding that the the "plaintiff's objections lacked the specificity necessary to trigger *de novo* review"); *accord Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Where the party's objections are general, a complete *de novo* determination would undermine the efficiency the magistrate system was meant to contribute to the judicial process. *Goney*, 749 F.2d at 7.

The Third Circuit has advised that while the FMA "may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "The authority—and the responsibility—to make an informed, final determination . . . remains with the judge." *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

### IV. DISCUSSION

Here, Plaintiff's objections to the R. & R. lack the necessary specificity to trigger a *de novo* review. Plaintiff identifies no specific finding or conclusion to which he objects, nor does he identify a specific claim or portion of the R. & R. to which he objects. (*See generally* Pls.' Objs.) Plaintiff's objections amount to a general disagreement with the results of Judge Goodman's analysis. Moreover, Plaintiff's general objection to Judge Goodman's conclusion that amendment would be futile is not grounded in law and fails to appreciate that Plaintiff's failure to plead essential elements of each claim is not an "inadvertent error." (*Id.* at 3.) Instead, the applicable standard of review required Judge Goodman to review each claim to determine if the individual claim could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the

4

grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility . . . . In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). Under that analysis, the failure to plead an essential element of a claim is fatal to the claim. In sum, Plaintiff's objections are insufficient under the Local Civil Rules and Third Circuit precedent to trigger a *de novo* review of the R. & R.,[2] and the Court, accordingly, reviews the R. & R. for clear error.

The Court finds that there is no clear error on the face of the R. & R. Judge Goodman's well-reasoned analysis applied the appropriate legal standard in the correct manner. (*See generally* R. & R.) Judge Goodman provided a thorough analysis of each count alleged in the PAC, identified the requisite elements, identified where the PAC was deficient, and explained why the PAC would not withstand a Rule 12(b)(6) motion to dismiss. Notably, Judge Goodman identified instances where Plaintiff attempted to amend or correct the PAC by asserting new or additional facts in Plaintiff's brief. (*Id.* at 9, 11.) Judge Goodman correctly confined her analysis to the facts asserted in the pleadings. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Plaintiff's failure to allege that he is a member of any protected class under the New Jersey Law Against Discrimination is fatal to Count One, and Judge Goodman was correct to deny Plaintiff's attempt to amend his pleadings through his motion papers.

When analyzing Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims, Judge Goodman first determined that Plaintiff failed to meet his burden to plead with sufficient particularity facts regarding the alleged contract that Defendants allegedly breached. (R. & R. at 10.) Although not required, Judge Goodman assumed, *arguendo*, that Plaintiff had met his pleading burden and then concluded that Plaintiff's claim was preempted by federal statute. (*Id.* at 11.) Even though Plaintiff did not explicitly plead a *Woolley* claim, Judge Goodman also analyzed the contract-based claims under *Woolley v. Hoffmann-La Roche, Inc.*, 491 A.2d 1257, 1258, *modified*, 499 A.2d 515 (N.J. 1985). (*Id.* at 12.) Thus, Judge Goodman concluded that Counts Two and Five failed on multiple fronts. The Court agrees with each of these conclusions because Plaintiff's PAC lists "various writings" that may form a contract, without identifying the particular writing and provision therein that was breached. (*Id.* at 10.)

Judge Goodman dismissed Counts Three and Four because the former was simply repled without changes and the latter was repled without changes that alter the Court's previous decisions. (*Id.* at 13-15.) The Court agrees with Judge Goodman's conclusion on Count Three because the Court finds that its previous analysis of Plaintiff's retaliation claim still applies. As to Count Four, the Court agrees with Judge Goodman's conclusion that Plaintiff's expansion of the time period

---

[2] The Court notes that had it conducted a *de novo* review, the Court would affirm the R. & R. because the Court would find as follows: Count One is subject to dismissal because Plaintiff failed to sufficiently plead that he was a member of protected class under the NJLAD; Counts Two and Five fail because Plaintiff failed to plead with sufficient particularity the valid contract which he alleges was breached; Count Three is subject to dismissal for the same reasons detailed in the Court's prior opinion; Count Four is subject to dismissal because it fails to identify the law, rule, regulation or public policy Plaintiff alleges was violated; and Count Six is subject to dismissal because Plaintiff failed to plead that his employment was terminated.

alleged does not address Plaintiff's failure to allege a law, rule, regulation, or public policy Plaintiff believes was violated by Defendants.

Finally, Judge Goodman concluded Count Six failed because, among other reasons, Plaintiff failed to plead a cessation of his employment. (*Id.* at 15-17.) The Court agrees with Judge Goodman's assessment that the PAC fails to allege a cessation of employment. In fact, the use of present tense verbs throughout the PAC lends support to Judge Goodman's conclusion. Plaintiff's objections aver that Plaintiff "had no choice but to resign from his position, and take another position with the Milltown Police Department . . . ." (Pl.'s Objs. Br. 2.) This allegation, however, is not in the PAC. Thus, Judge Goodman correctly concluded amendment of Count Six was futile.

## V. PLAINTIFF MAY FILE A MOTION TO AMEND

Defendant argues that the Court should dismiss Plaintiff's claims with prejudice because of Plaintiff's failure to address the deficiencies the Court previously identified. While the Court agrees that Plaintiff's PAC failed to address the deficiencies identified in the Court's prior opinion, nevertheless, the Court will grant Plaintiff a final opportunity to amend his complaint to address the deficiencies identified in this Court's prior opinion, the R. & R., and this Letter Opinion. Failure to address these deficiencies may result in a dismissal of this action with prejudice. *Despot v. Keystone Insurers Grp., Inc.*, No. 08-0166, 2008 WL 3837395, at *8 (M.D. Pa. Aug. 13, 2008) ("When a plaintiff chooses to ignore instruction from the court, [the plaintiff] does so at [the plaintiff's] peril; [the plaintiff's] deficient claims will be dismissed with prejudice.").

## VI. ORDER

Based on the foregoing, and for other good cause shown,

**IT IS** on this 25th day of June, 2019 **ORDERED** that:

1. The Court **ADOPTS** Judge Goodman's Report & Recommendation (ECF No. 35).

2. Plaintiff's Motion to Amend (ECF No. 28) is **DENIED**.

3. By **July 25, 2019**, Plaintiff may file a motion to amend. If Plaintiff files a motion to amend, Plaintiff's motion papers must include:

    a. A moving brief;

    b. A proposed Second Amended Complaint;

    c. A red-lined version comparing the Proposed Second Amended Complaint against the Amended Complaint (ECF No. 5); and

    d. A red-lined version comparing the Proposed Second Amended Complaint against the Proposed Amended Complaint (ECF No. 28-1).

6

4.  If Plaintiff fails to file a motion to amend by **July 25, 2019**, this matter will be dismissed with prejudice.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

7